IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


KAREN LOUISE MOELLENBERNDT,

                                                                                      PLAINTIFF


v.                                        Case No. 1:07-cv-1004


MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                        DEFENDANT


## MEMORANDUM OPINION

Plaintiff, Karen Louise Moellenberndt, brings this action pursuant to 42 U.S.C. § 405(g),

seeking judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying her claim for a period of disability and supplemental security income (SSI)

benefits under the provisions of Title XVI of the Social Security Act (Act).   The parties have

consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case,

including conducting the trial, ordering the entry of a final judgment, and conducting all post-

judgment proceedings. (Doc. No. 5).[2]   Pursuant to this authority, the Court issues this memorandum

opinion and orders the entry of a final judgment in this matter.

## 1. Procedural Background:

Plaintiff protectively filed for supplemental security income (SSI) benefits on August 7, 2003

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule
25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo
Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for
this case are referenced by the designation "Tr."

1

alleging disability due to bipolar disorder and back pain.  (Tr. 38, 40, 118).  Plaintiff's applications

were denied  initially and on reconsideration.  (Tr. 38-41).  Pursuant to Plaintiff's request, an

Administrative Law Judge (ALJ) held a hearing on January 3, 2006.  Plaintiff, represented by

attorney Eric Worsham, appeared and testified at the hearing, along with vocational expert (VE)

Richard Marron and Plaintiff's spouse, David Mollenbrent.  (Tr. 293-318).  On March 31, 2006, the

ALJ issued an unfavorable decision.  (Tr. 13-23).  The ALJ's decision became the final decision of

the Commissioner when the Appeals Council concluded that no basis existed for review of the ALJ's

decision.  (Tr. 5-8).

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g)

(2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently.  *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3.  Discussion:

The Plaintiff appealed the decision of the Commissioner finding her not disabled.  She claims the ALJ's findings are not supported by substantial evidence in the record because the ALJ failed to properly evaluate Plaintiff's obesity; the ALJ failed to pose a complete hypothetical question to the VE; and the ALJ erred in finding Plaintiff's back pain, neck pain, and carpel tunnel syndrome as non-severe impairments.  The Defendant argues the ALJ properly evaluated Plaintiff's claim of obesity; the ALJ asked a complete and proper hypothetical question to the VE; and the ALJ properly found Plaintiff's  back pain, neck pain and carpel tunnel syndrome as non-severe impairments.

### A. Obesity

Plaintiff argues the ALJ ignored her impairment based on obesity.  Plaintiff did not allege a disability due to obesity. (T. 38, 40, 118).  Plaintiff's failure to allege obesity in her disability application or during her administrative hearing detracts from her argument the ALJ erred by failing to address obesity in his decision.  *See  Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995).

There is only one reference in the record regarding a diagnosis of "obesity".  On May 9, 2006 Plaintiff was seen at the Fountain Hill Clinic for a complaint of right thumb pain. (Tr. 289).  As part of the exam, the record indicates Plaintiff was "obese".[3]  There was no treatment plan or other discussion regarding obesity.  Additionally, Plaintiff testified at the administrative hearing that no physician had discussed with her the need to lose weigh, nor did any physician prescribe any treatment for weight loss.  (Tr.  302).  Finally, there is no evidence in the record showing Plaintiff had any functional limitation on her ability to work based on obesity.

---

[3]Plaintiff weight on that date was 206 pounds.  (Tr. 289).  Although not indicated on the record from the hearing, Plaintiff's height has been listed as 5'5".  (Tr. 117).

I find no error in the ALJ's decision not to consider Plaintiff's weight an impairment.

**B. Hypothetical Question**

Plaintiff argues the hypothetical question posed by the ALJ to the VE failed to include all of Plaintiff's impairments and as such, was an improper hypothetical. The Defendant asserts the ALJ's hypothetical question was proper and included all credible impairments found by the ALJ to be supported by the record.

It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established that the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff retained the RFC for a full range of light, unskilled work. (Tr. 22). Plaintiff was physically limited to lifting no more than twenty pounds at a time, with frequent lifting or carrying of objects weighing up to ten pounds. (Tr. 22). The hypothetical question placed limits on standing and walking six hours in an eight-hour day, and sitting for six hours in an eight-hour day. (Tr. 316). Additionally, the work was limited to where interpersonal contact was incidental to the work performed; tasks would have to be learned and performed by rote with few variables; little judgment would be required; and supervision would be simple, direct, and concrete. (Tr. 316).

In response to a hypothetical question containing these limitations, the VE testified work existed in the national economy consistent with the limitations found by the ALJ. (Tr. 316). The

VE testified the jobs consistent with the hypothetical included laundry worker (1,114 Arkansas; 330,400 nation); garment folder (1,019 Arkansas; 156,519 nation); and cafeteria attendant (960 Arkansas; 192,000 nation). (Tr. 21-22, 316). The ALJ found a significant number of jobs existed in the national economy which Plaintiff could perform. (Tr. 22). Relying on the VE testimony, the ALJ found that claimant was not under a disability as defined by the Act. (Tr. 22).

I find the ALJ's hypothetical question properly set forth those limitations he found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated jobs existed in both the national and local economy for the vocational profile. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence to support the ALJ's decision. As will be discussed below, the ALJ properly found Plaintiff's complaints of back pain, neck pain and carpel tunnel syndrome as non-severe and as such need not be included in the hypothetical question asked of the VE.

### C. ALJ's Finding Of Non-Severe Impairments

The Plaintiff argues the ALJ erred in finding Plaintiff's back pain, neck pain, and carpel tunnel syndrome as non-severe impairments. The ALJ did find Plaintiff's impairments of bipolar disorder and social phobia as severe. (Tr. 22).

Plaintiff claimed to have back pain that "comes and goes" as a result of a motor vehicle accident which occurred in 1991. (Tr. 298). Plaintiff testified she has been treated by Dr. Kenneth Purvis for back pain for several years. (Tr. 299). However, as pointed out by the ALJ, Plaintiff

never complained about back pain to Dr. Purvis.  (Tr. 311-312).  Also, Plaintiff underwent two

different consultive examinations.  The exams were performed by Dr. David Foscue on October 25,

2001 and November 24, 2003.  (Tr. 160-171, 192-205).  In each of these exams, Plaintiff had no

complaints of back, neck or wrist pain.  (Tr. 168, 169, 200, 201).  In the November 24, 2003 exam,

Plaintiff had a completely normal orthopedic, neurological and limb function exam.  (Tr. 204).

Additionally, Plaintiff testified she only used over-the-counter Tylenol for pain.  (Tr. 302-303).

Plaintiff's failure to use strong pain medicine is inconsistent with her complaints of disabling pain.

*See Smith v. Shalala,* 987 F.2d 1371, 1374 (8th Cir. 1993).

I find substantial evidence supports the ALJ's decision that Plaintiff's back pain was a non-

severe impairment.

For many of the same reasons, as mentioned previously for Plaintiff's back pain complaints,

Plaintiff's arguments of severe disabling neck pain must fail.  Plaintiff's first complaint of neck pain

was on February 22, 2005 when Plaintiff was seen by Dr. Kenneth Purvis.  (Tr. 248).  There was no

further treatment after this date.  As discussed above, Plaintiff had no complaints of neck pain at

either of the consultative exams conducted on October 25, 2001 and November 24, 2003.  (Tr. 160-

171, 192-205).  As with Plaintiff's back pain, Plaintiff has not sought or received medical treatment

for her claimed neck impairment to an extent consistent with impairment-related functional limits

that would preclude work activity.

I find substantial evidence supports the ALJ's decision that Plaintiff's neck pain was

a non-severe impairment.

Plaintiff also argues the ALJ erred by finding her carpel tunnel syndrome a non-severe

impairment.  The Plaintiff never complained of wrist pain until February 22, 2005 during a visit with

Dr. Kenneth Purvis.  (Tr. 248).  Dr. Purves recommended Plaintiff wear wrist splints to see if

Plaintiff had carpel tunnel syndrome.  However, Plaintiff was never diagnosed as having carpel

tunnel syndrome. (Tr. 248).  Plaintiff was told to return in ten days, but there is no evidence in the

record of Plaintiff ever receiving further treatment for wrist pain.  (Tr. 248).   This alleged

impairment does not produce a functional limitation which would prohibit Plaintiff from engaging

in work activity.

      I find substantial evidence supports the ALJ's decision that Plaintiff's carpel tunnel syndrome

was a non-severe impairment.

**4. Conclusion:**

      The Court has reviewed all of the relevant medical records and briefing in this case. After

a careful review of the entire record, this Court finds there is substantial evidence to support the

decision of the ALJ.   Accordingly, the Commissioner's decision should be affirmed, and the

Plaintiff's complaint dismissed with prejudice.   A judgment incorporating these findings will be

entered pursuant to Federal Rules of Civil Procedure 52 and 58.

      **ENTERED** this  **7ᵗʰ day of January 2008.**

            /s/    Barry A. Bryant

            Honorable Barry A. Bryant

            United States Magistrate Judge